Eric Houser (SBN 130079)
Joshua H. Abel (SBN 244592)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111
Fax: (949) 679-1112
jabel@houser-law.com

Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CRUZ,<br>HOLBEI PEDRAZA TINOCO,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>AZTEC FORECLOSURE<br>CORPORATION; and DOES 1<br>THROUGH 25, Inclusive<br><br>Defendants. | Removal From Orange County Superior Court, Case No.: 30-2009 00122004<br><br>Hon.   **SACV09-00620 CJC (SSx)**<br><br>**NOTICE OF REMOVAL OF ACTION BASED UPON FEDERAL QUESTION**<br><br>28 U.S.C §§1441(a)(b), 1446 & 1331 |

**NOTICE OF REMOVAL**

1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendant, Ocwen Loan Servicing, LLC ("Ocwen") hereby removes to this Court the above-captioned action described further below:

1.       A Complaint was filed in the Orange County Superior Court on April 23, 2009, styled *Luis Cruz and Holbei Pedraza Tinoco v. Ocwen Loan Servicing, LLC; Aztec Foreclosure Corporation; et al.,* Case No. 30-2009 00122004 (the "Compl." and "State Court Action"). True and correct copies of all pleading(s) served in the State Court Action to date of removal are attached hereto as Exhibit A.

2.       Ocwen was served through its agent for service of process, Corporation Service Company, on April 28, 2009. A true and correct copy of the notification of proof-of-service document is attached hereto as Exhibit B.

3.       Ocwen's removal is within 30 days of being served because service of process occurred on April 28, 2009. Removal is within one year of the filing of the Complaint.

4.       According to the Superior Court of Orange County's website docket, as of May 28, 2009, no other defendant has appeared in this matter. Attached as Exhibit C is a true and correct copy of the Orange County Court's website for the instant matter, dated May 27, 2009, which does not show any service to any defendant named in the complaint. Accordingly, this removal is submitted without the joinder of those defendants.

**REMOVAL TO THIS COURT IS PROPER BECAUSE JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1441(a)(b)**

5.       This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1441(a)(b) because substantial federal questions are alleged and presented in the Complaint, and thus jurisdiction exists as conferred by 28 U.S.C. §

1331.

6.     The Complaint includes claims that are based, in part, upon federal law, including alleged claims for violations of the federal Fair Debt Collection Practices Act ("FDCPA").  More specifically, plaintiffs allege that the Defendants have violated 15 U.S.C. 1692. Compl. ¶¶ 18, 73, 74, 76, and 77.  Plaintiffs' right to relief, if any, depends upon the resolution of substantial federal questions related to whether Defendants violated the provisions of these statutes making them liable to the Plaintiffs.   Accordingly, these claims are subject to this Court's federal question jurisdiction as set forth by 28 U.S.C. § 1331.

7.     Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

8.     In view of the foregoing, this action is removed to this Court pursuant to 28 U.S.C. § 1441 based upon federal question jurisdiction.

DATED: May 28, 2009

HOUSER & ALLISON
A Professional Corporation

_____
Eric D. Houser
Joshua H. Abel
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OCWEN LOAN SERVICING, LLC; AZTEC FORECLOSURE
CORPORATION; and DOES 1 THROUGH 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS CRUZ, HOLBEI PEDRAZA TINOCO

*S.J 4/28/94 z10jn*
*hyemL ys #10)*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 23 2009

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON ,DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.* 30-2009

---

| The name and address of the court is: | CASE NUMBER |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Numero del Caso):* **00122004** |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE, CENTRAL JUSTICE CENTER
700 CIVIC CENTER DR. WEST, SANTA ANA, CA 92701

JUDGE DAVID T. McEACHEN
DEPT C21

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LUIS CRUZ & HOLBEI PEDRAZA TINOCO          Telephone: (949) 701-7645
6 CAYMAS COURT, RANCHO SANTA MARGARITA, CA 92688

| DATE: | APR 23 2009 | ALAN CARLSON Clerk, by | SONYA HERRERA-WILSON | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify)* Ocwen Loan Servicing, LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | **SUMMONS** | American LegalNet, Inc. www.USCourtForms.com |
| SUM-100 [Rev. January 1, 2004] | | |

EXHIBIT A
PAGE 1 OF 44

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LUIS CRUZ
HOLBEI PEDRAZA TINOCO
6 CAYMAS COURT
RANCHO SANTA MARGARITA, CA 92688
TELEPHONE NO.: (949) 701-7645    FAX NO.:
ATTORNEY FOR (Name): In Pro Per

**FILED**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DR. WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 23 2009

ALAN CARLSON, Clerk of the Court
BY: S. HERRERA-WILSON, DEPUTY

30-2009
00122004

CASE NAME:
LUIS CRUZ vs OCWEN LOAN SERVICING, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | JUDGE DAVID T. MCEACHEN |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT. C21 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary: declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): FIVE
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 15, 2009

LUIS CRUZ
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A
PAGE 2 OF 44

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example a complaint) in a civil case you must complete and file along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item, otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A

PAGE 3 OF 44

COPY

LUIS CRUZ
HOLBEI PEDRAZA TINOCO
6 CAYMAS COURT
RANCHO SANTA MARGARITA, CA 92688
Telephone: (949) 701-7645

In Pro Per

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 23 2009

ALAN CARLSON, Clerk of the Court

BY. S. HERRERA-WILSON ,DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE. CENTRAL JUSTICE CENTER

30-2009

LUIS CRUZ.
HOLBEI PEDRAZA TINOCO
     Plaintiff.

vs

OCWEN LOAN SERVICING. LLC;
AZTEC FORECLOSURE
CORPORATION; and DOES 1
THROUGH 25. Inclusive

     Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 0 0 1 2 2 0 0 4

COMPLAINT SEEKING MONETARY DAMAGES, STATUTORY DAMAGES, PUNITIVE DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

California Civil Code § 2923.6
California Civil Code § 1717.30
California Civil Code § 1572

JURY TRIAL DEMANDED
UNLIMITED CIVIL

JUDGE DAVID T. MCEACHEN
DEPT. C21

I

## INTRODUCTION

1. Plaintiffs. LUIS CRUZ and HOLBEI PEDRAZA TINOCO (hereinafter "Plaintiffs"). bring this lawsuit against OCWEN LOAN SERVICING. LLC. AZTEC FORECLOSURE CORPORATION. and DOES 1 through 25. Inclusive (hereinafter "Defendants") for its unlawful unfair collection practices arising out of the financing of their personal residence.

**COMPLAINT**

EXHIBIT A
PAGE 4 OF 44

2. Plaintiffs seeks actual economic and non-economic damages, attorney's fees, costs, injunctive relief, and declaratory relief.

## II

## CALIFORNIA LEGISLATURE FINDINGS

3. Recently, the California Legislature **found and declared** the following in enacting California Civil Code 2923.6 on July 8, 2008:

(a) California is facing an unprecedented threat to its state economy because of skyrocketing residential property foreclosure rates in California. Residential property foreclosures increased sevenfold from 2006 to 2007, in 2007, more than 84,375 properties were lost to foreclosure in California, and 254,824 loans went into default, the first step in the foreclosure process.

(b) High foreclosure rates have adversely affected property values in California, and will have even greater adverse consequences as foreclosure rates continue to rise. According to statistics released by the HOPE NOW Alliance the number of completed California foreclosure sales in 20'07 increased almost threefold from 1902 in the first quarter to 5574 in the fourth quarter of that year. Those same statistics report that 10,556 foreclosure sales, almost double the number for the prior quarter, were completed just in the month of January 2008. More foreclosures means less money for schools, public safety, and other key services.

(c) Under specified circumstances, mortgage lenders and servicers are authorized under their pooling and servicing agreements to modify mortgage loans when the modification is in the best interest of investors. Generally, that modification may be deemed to be in the best interest of investors when the net present value of the income stream of the modified loan is greater than the amount that would be recovered through the disposition of the real property security through a foreclosure sale.

(d) It is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosure. These Changes in accessing the state's foreclosure process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a foreclosure could have been avoided. Those additional foreclosures will further destabilize the housing market with significant, corresponding deleterious effects on the local and state economy.

**COMPLAINT**

EXHIBIT A
PAGE 5 OF 44

(e)    According to a survey released by the Federal Home Loan Mortgage Corporation (Freddie Mac) on January 31, 2008, 57 percent of the nation's late paying borrowers do not know their lenders may offer alternative to help them avoid foreclosure.

(f)    As reflected in recent government and industry-led efforts to help troubled borrowers, the mortgage foreclosure crisis impacts borrowers not only in nontraditional loans, but also many borrowers in conventional loans.

(g)    This act is necessary to avoid unnecessary foreclosures of residential properties and thereby provide stability to California's statewide and regional economies and housing market by requiring early contact and communications between mortgagees, beneficiaries, or authorized agents and specified borrowers to explore options that could avoid foreclosure and by facilitating the modification or restructuring of loans in appropriate circumstances.

4.    "Operation Malicious Mortgage" is a nationwide operation coordinated by the U.S. Department of Justice and the FBI to identify, arrest, and prosecute mortgage fraud violators." San Diego Union Tribune, June 19, 2008.  As shown below, Plaintiffs were victims of such mortgage fraud.

5.    "Home ownership is the foundation of the American Dream.  Dangerous mortgages have put millions of families in jeopardy of losing their homes."  CNN Money, December 24, 2007.  The Loan which is the subject of this action to Plaintiffs are of such character.

6.    "Finding ways to avoid preventable foreclosures is a legitimate and important concern of public policy. High rates of delinquency and foreclosure can have substantial spillover effects on the housing market, the financial markets and the broader economy. Therefore, doing what we can to avoid preventable foreclosures is not just in the interest of the lenders and borrowers. It is in everybody's best interest." Ben Bernanke, Federal Reserve Chairman, May 9, 2008. Plaintiffs alleges that Defendants had the duty to prevent such foreclosure, but failed to so act.

EXHIBIT A
PAGE 6 OF 44

7.      The Gravamen of Plaintiffs' complaint is that Defendants violated State and Federal laws which were specifically enacted to protect such abusive, deceptive, and unfair conduct by Defendants, and that Defendants cannot legally enforce a non-judicial foreclosure.

## III

## JURISDICTION

8.      Jurisdiction of this Court arises under California Code of Civil Procedure §410.10 et seq.

9.      Plaintiffs resides here. Defendants transact business here, and the conduct complained of occurred here.

## IV
## PARTIES

10.     Plaintiffs, at all times relevant, resided at 24919 Mauri Court, Wildomar, CA 92595 (hereinafter the "Plaintiff's Home").

11.     Defendant, OCWEN LOAN SERVICING, LLC, at all times relevant, is a Limited Liability Company doing business in Orange County, California, and AZTEC FORECLOSURE CORPORATION, at all times relevant, is a corporation doing business in Orange County, California, respectively.

12.     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 25, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, dual agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements,

**COMPLAINT**

transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

13. Plaintiffs are a "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

14. Defendants are engaged in the collection of debts from consumers using the mail and telephone.

15. Defendants regularly attempt to collect consumer debts alleged to be due to another.

16. Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

17. The purported debt which Defendants attempted to collect from Plaintiffs were a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## V
## FACTS

**Defendants Are Not Holders In Due Course Since Plaintiff Was Duped Into An Improper Loan And There Is No Effective Endorsement:**

18. Plaintiffs incurred a "debt" as that term is defined by California Civil 17 Code §1788(d) and 15 U.S.C. § 1692a(5), when they obtained a Loan on their Personal Residence in December of 2006.

19. The loan is memorialized via a Deed of Trust and Promissory Note, each of which contain an attorney's fees provision for the lender should they prevail in the enforcement of their contractual rights.

COMPLAINT

20.    Plaintiffs have no experience beyond basic financial matters.

21.    Plaintiffs were never explained the full terms of their loan, including but not limited to the rate of interest how the interest rate would be calculated, what the payment schedule should be, the risks and disadvantages of the loan, the prepay penalties, the maximum amount the loan payment could arise to.

22.    Certain fees in obtaining the loan, were also not explained to the Plaintiffs, including but not limited to "underwriting fees," "MERS registration fee," "appraisal fees," "broker fees", "loan tie in fees," etc.

23.    A determination of whether Plaintiffs would be able to make the payments as specified in the loan was never truly made.

24.    Plaintiffs' income was never truly verified.

25.    Plaintiffs were rushed when signing the documents, the closing process provided no time for review and took minutes to accomplish.

26.    Plaintiffs could not understand any of the documents and signed them based on representations and the trust and confidence the Plaintiffs placed in Defendants' predecessors.

27.    Plaintiffs are informed and believe that Defendants and/or Defendants' predecessors established and implemented the policy of failing to disclose material facts about the Loan, failing to verify Plaintiffs' income, falsifying Plaintiffs' income, agreeing to accept a Yield Spread Premium, and causing Plaintiffs' Loan to include a penalty for early payment.

28.    Plaintiffs are informed and believes that Defendants and/or Defendants' predecessors established such policy so as to profit, knowing that Plaintiffs would be unable to perform future terms of the Loan.

**COMPLAINT**

29.    Plaintiffs were a victim of Fraud in the Factum since the forgoing misrepresentations caused them to obtain the home loan without accurately realizing. the risks. duties. or obligations incurred.

30.    The Promissory Note contains sufficient space on the note itself for endorsement whereby any assignment by allonge is ineffective pursuant to *Pribus v. Bush.* 118 Cal. App. 3d 1003 (May 12. 1981).

31.    Defendants are not holders in due course due to Fraud in Factum and ineffective endorsement.

### Defendants' Lack Standing To Conduct A Non-Judicial Foreclosure Pursuant To California Civil Code 2932.5:

32.    Defendants have no standing to enforce a non-judicial foreclosure.

33.    Defendants are strangers to this transaction, and have no authority to go forward with the foreclosure and Trustee's Sale.

34.    Plaintiffs executed a Promissory Note (hereinafter the "Note") and a Deed of Trust to OCWEN LOAN SERVICING. LLC.

35.    OCWEN LOAN SERVICING. LLC is the Lender and only party entitled to enforce the Note and any security interest with it.

36.    AZTEC FORECLOSURE CORPORATION is not listed anywhere in the Deed of Trust or Promissory Note.

37.    In California. California Civil Code § 2932.5. governs the Power of sale under an assigned mortgage. and provides that the power of sale can only vest in a person entitled to money payments: "Where a power to sell real property is given to a mortgagee. or other encumbrancer. in an instrument intended to secure the payment of money. the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the

**COMPLAINT**

instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

38.    The Orange County Recorder's Office does not contain any evidence of a recorded assignment from OCWEN LOAN SERVICING, LLC to AZTEC FORECLOSURE CORPORATION.

39.    OCWEN LOAN SERVICING, LLC has never assigned their rights under the Note.

40.    The power of sale may not be exercised by any of the Defendants since there was never an' acknowledged and recorded assignment pursuant to California Civil Code § 2932.5.

41.    Since the Defendants did not comply with California Civil Code § 2932.5, the Notice of Default provisions of California Civil Code § 2924 and Notice of Sale provisions of California Civil Code §2924(f) were likewise never complied with.

42.    OCWEN LOAN SERVICING, LLC never complied with the Notice of Default provisions of California Civil Code §2924 and Notice of Sale provisions of California Civil Code §2924(f).

### Defendants' Lack of Standing to Enforce A Non-Judicial Foreclosure Pursuant To California Commercial Code § 3301:

43.    A promissory note is person property and the deed of trust securing a note is a mere incident of the debt it secures, with no separable ascertainable market value.    California Civil Code §§ 657, 663. *Kirby v. Palos Verdes Escrow Co.,* 183 Cal. App. 3d 57, 62.

44.    Any transfers of the notice and mortgage fundamentally flow back to the note:

"The assignment of a mortgage without a transfer of the Indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer, " *Hyde v. Mangan* (1891) 88 Cal. 319, 26 P 180, 1891 Cal. LEXIS 693; *Johnson v. Razy* (1919)181 Cal. 342, 184 P 657; 1919 Cal. LEXIS 358; *Bowman v. Sears* (1923, Cal.App.) 63 Cal.App. 235, 218 P 489, 1923 Cal.App. LEXIS 199; *Treat v. Burns* (1932) 216 Cal. 216, 13 P2d,724, 1932 Cal.

**COMPLAINT**

LEXIS 554.

45. "A mortgagee's purported assignment of the mortgage without an assignment of the debt which is secured is a legal nullity." *Keller v. Upshaw* (1952) 39 Cal. 2d 179, 246 P2d 23, 1952 Cal. LEXIS 248.

46. "A trust deed has no assignable quality independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without a transfer of the debt is without effect." *Domarad v. Fisher & Burke, Inc.* (1969 Cal.App. 1st Dist) 270 Cal.App. 2d 543, 76 Cal. Rptr. 529, 1969 Cal.App. LEXIS 1556.

47. The Promissory Note is a negotiable instrument.

48. Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated.

49. Where an instrument has been transferred, enforceability is determined based upon possession.

50. California Commercial Code § 3301 limits a negotiable instrument's enforcement to the following:

> "Person entitled to enforce" an Instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

51. None of the Defendants are present holders of the instrument.

52. None of the Defendants are non-holders in possession of the instrument who has rights of the holder.

53. None of the Defendants are entitled to enforce the instrument pursuant to section 3309 or subdivision (d) of Section 3418.

**COMPLAINT**

54.     Defendants have no enforceable rights under California Commercial Code 3301(a) to enforce the negotiable instrument.

55.     Since there is no right to enforce the negotiable instrument, the Notice of Default provisions of California Civil Code § 2924 and Notice of Sale provisions of California Civil Code § 2924(f) were likewise never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct a non-judicial foreclosure.

**Plaintiffs Suffered Damages As A Result of Defendants' Conduct:**

56.     As a direct result of Defendants' acts, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

57.     Plaintiffs incurred out of pocket monetary damages.

58.     Plaintiffs continues to incur monetary damages.

59.     Plaintiffs will incur the loss of their personal residence if a non-judicial foreclosure is allowed to proceed.

60.     Each of Defendants harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages.

**VI**

**FIVE (5) CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA CIVIL CODE 2923.6**

61.     Plaintiffs reallege and incorporate by reference the above paragraphs as though set forth fully herein.

**COMPLAINT**

62.    Defendants' Pooling and Servicing Agreement (hereinafter "PSA") contains a duty to maximize net present value to its investors and related parties.

63.    California Civil Code 2823.6 broadens and extends this PSA duty by requiring servicers to accept loan modifications with borrowers.

64.    Pursuant to California Civil Code 2823.6(a). a servicer acts in the best interest of all parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

65.    California Civil Code 2823.6(b) now provides that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

66.    Plaintiffs' loan is presently in default.

67.    Plaintiffs are willing, able, and ready to execute a modification of their loan on the following terms:

(a)    New Loan Amount: $347,099.00
(b)    New Interest Rate: 5.0% FIXED
(c)    New Loan Length: 30
(d)    New Payment: $1,863.30

68.    The present fair market value of the property is $332,099.00.

69.    The anticipated recovery through foreclosure on a net present value basis is $332,099.00 or less.

70.    The recovery under the proposed loan modification at $347,099.00, exceeds the net present recovery through foreclosure of $332,099.00 by $15,000.00.

**COMPLAINT**

EXHIBIT A
PAGE 14 OF 44

71.    Pursuant to California Civil Code §2923.6, Defendants are now contractually bound to accept the loan modification as provided above.

## SECOND CAUSE OF ACTION:
## VIOLATION OF § 1788.17 OF THE RFDCPA

72.    Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

73.    California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. § 1692, through their acts including but not limited to, the following:

(a)    The Defendants violated California Civil Code § 1788.17 by engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt, a violations of 15 U.S.C. § 1692(d);

(b)    The Defendants violated California Civil Code § 1788.17 by misrepresenting the status of the debt, a violations of 15 U.S.C. § 1692(e)(s)(A);

(c)    The Defendants violated California Civil Code § 1788.17 by using unfair or unconscionable means to collect or attempt to collect a debt, a violation 15 U.S.C. § 1692(f); and

(d)    The Defendants violated California Civil Code § 1788.17 by using deceptive means to collect or attempt to collect a debt from the Plaintiff, a violation of 15 U.S.C. § 1692e(10).

74.    The foregoing violations of 15 U.S.C. § 1692 by Defendants result in separate violations of California Civil Code § 1788.17.

75.    The forgoing acts by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (FRDCPA), are sole and separate violations under California Civil Code § 1788.30(b), and trigger multiple $1,000.00 penalties.

76.    California Civil Code § 1788.17 provides that Defendants are subject to the remedies of 15 U.S.C. § 1692(k), for failing to comply with the provisions of 15 U.S.C. §

**COMPLAINT**

EXHIBIT A
PAGE 15 OF 44

1692(b)(6) and § 1692(e)e.

77.    The foregoing acts by Defendants were intentional persistent, frequent, and devious violations of 15 U.S.C. § 1692, which trigger additional damages of $1,000.00 under 15 U.S.C. § 1692(k)(a)(2)(A).

## THIRD CAUSE OF ACTION:
## VIOLATION OF CIVIL CODE §1572

78.    Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

79.    The misrepresentations by Defendants' and/or Defendants' predecessors, failures to disclose, and failure to investigate as described above were made with the intent to induce Plaintiffs to obligate themselves on the Loan in reliance on the integrity of Defendants and/or Defendants' predecessors.

80.    Plaintiffs are an unsophisticated customer whose reliance upon Defendants and/or Defendants' predecessors was reasonable and consistent with the Congressional intent and purpose of California Civil Code § 1572 enacted in 1872 and designed to assist and protect consumers similarly situated as Plaintiff in this action.

81.    As an unsophisticated customer. Plaintiffs could not have discovered the true nature of the material facts on their own.

82.    The accuracy by Defendants and/or Defendants' predecessors of representation is important in enabling consumers such as Plaintiffs to compare market lenders in order to make informed decisions regarding lending transactions such as a loan.

83.    Plaintiffs were ignorant of the facts which Defendants and/or Defendants' predecessors misrepresented and failed to disclose.

84.    Plaintiffs reliance on Defendants and/or Defendants' predecessors was a substantial factor in causing their harm.

85.    Had the terms of the Loan been accurately represented and disclosed by Defendants and/or Defendants' predecessors. Plaintiff would not have accepted the Loan nor been harmed.

86.    Had Defendants and/or Defendants' predecessors investigated Plaintiffs' financial capabilities, they would have been forced to deny Plaintiffs on this particular loan.

**COMPLAINT**

87. Defendants and/or Defendants' predecessors conspired and agreed to commit the above mentioned fraud.

88. As a proximate result of Defendants and/or Defendants' predecessors fraud, Plaintiff has suffered damage in an amount to be determined at trial.

89. The conduct of Defendants and/or Defendants' predecessors as mentioned above was fraudulent within the meaning of California Civil Code § 3294(c)(3), and by virtue thereof Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and make an example of the Defendants.

## FOURTH CAUSE OF ACTION:
### DECLARATORY RELIEF AGAINST DEFENDANTS

90. Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

91. Defendants contend that they have the right to foreclose on Plaintiffs' Home, including without limitation, conducting a trustee's sale relative to the property.

92. Defendants do not have standing or any enforceable right to enforce the note and any incidental rights to collateral so as to foreclose on Plaintiffs' Home, including without limitation, conducting a trustee's sale relative to that property.

93. An actual controversy presently exists between Plaintiffs and Defendants as to the existence of Defendants' ability or right to foreclose on Plaintiffs' Home.

94. A judicial decision is necessary and appropriate at this time so that Plaintiffs and Defendants may ascertain their respective rights relative to Plaintiffs' Home.

## FIFTH CAUSE OF ACTION:
### INJUNCTIVE RELIEF AGAINST DEFENDANTS

95. Plaintiffs reallege and incorporates by reference the above paragraphs as though set forth fully herein.

**COMPLAINT**

96.    Defendants do not have standing or enforceable right to enforce the note and any incidental right to collateral so as to foreclose on Plaintiffs' Home, including without limitation, conducting a trustee's sale relative to that property.

97.    Defendants threaten to, and unless restrained, will foreclose upon Plaintiffs' Home by conducting a trustee's sale or causing a trustee's sale to be conducted, or otherwise.

98.    Any such action would result in a new cause of action for "wrongful foreclosure," cause irreparable harm to Plaintiffs, and will cause pecuniary compensation which will not afford adequate relief because Plaintiffs' Home is unique.

99.    Injunctive relief is necessary to enjoin Defendants from foreclosing upon Plaintiffs' Home since they lack standing and any enforceable rights under the Promissory Note.

# VII

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief against the Defendants:

1.    For exemplary and punitive damages;

2.    Statutory damages pursuant to California Civil Code §1788.30(a) and 15 U.S.C. § 1692(k)(a)(2)(A);

3.    Actual Economic and Non-Economic Damages;

4.    Costs and reasonable attorney's fees pursuant to California Civil Code §1717, §1788.30(b), §1788.30(c);

5.    For a declaration of the rights of the parties relative to Plaintiffs' Home, including a declaration that Defendants have no enforceable lien against Plaintiffs' Home;

**COMPLAINT**

EXHIBIT A
PAGE 18 OF 44

6.    For a preliminary injunction and permanent injunction enjoining all Defendants, their agents, assigns, and all person acting under, for, or in concert with them, from foreclosing on Plaintiffs' Home or from conducting at trustee's sale or causing a trustee's sale to be conducted relative to Plaintiffs' Home.

7.    If the trustee's sale goes forward, cancellation of the sale and restitution of the home to the Plaintiffs; and

8.    For such other and further relief as the Court may deem just and proper.

DATED:  April 15, 2009

_____
LUIS CRUZ
Plaintiff

DATED:  April 15, 2009

_____
HOLBEI PEDRAZA TINOCO
Plaintiff

**COMPLAINT**

Exhibit "A"

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AZTEC FORECLOSURE CORPORATION
3300 N. Central Ave. Suite, 2200
Phoenix, AZ 85012

Recorded In Official Records, Orange County
Tom Daly, Clerk-Recorder

           18.00

2008000554251 04:21pm 12/01/08
105 49 N15 5

0.00 0.00 0.00 0.00 12 00 0.00 0.00 0.00

---

Space above this line for recorder's use only
Trustee Sale No. 08-505508BFB   Title Order No. 080046040-CA-DCI

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This estimated amount is **$16,985.03** as of December 1, 2008 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between

EXHIBIT A
PAGE 21 OF 44

T.S. #: 08-505508BFB    ORDER #: 080046040-CA-DCI

you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2007-HE4, Asset Backed Pass-Through Certificates, C/O Ocwen Loan Servicing, 12650 Ingenuity Drive, Orlando, Florida 32826, 877-596-8580.

If you have any questions, you should contact a lawyer or the governmental agency, which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: Aztec Foreclosure Corporation is the duly appointed Trustee under a Deed of Trust dated 12/28/06, executed by Holbei Pedraza Tinoco and Luis Cruz, Wife and Husband, as trustor, to secure obligations in favor of Mortgage Electronic Registration Systems, Inc., as Nominee for DB Home Lending LLC., A California Limited Liability Company, as Beneficiary recorded on January 10, 2007 in Instrument No. 2007000018413 in the Office of the Recorder of ORANGE County, California. as more fully described on said Deed of Trust. Including the note(s) for the sum of $464,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE 07/01/08 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH ALL LATE CHARGES AND ANY DELINQUENT TAXES AND/OR INSURANCE PREMIUMS ADVANCED BY THE BENEFICIARY.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

See attached declaration pursuant to CALIFORNIA CIVIL CODE §2923.5

DATE: December 1, 2008

AZTEC FORECLOSURE CORPORATION
As Agent for the beneficiary, by LPS Default Title and Closing, it's agent.

EXHIBIT A
PAGE 22 OF 44

Exhibit "B"

EXHIBIT A
PAGE 23 OF 44

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

'!!|•  ': | l| l'        9.00

2009000117198 12:25pm 03/12/09
113 48 N34 2

C.00 0 00 0 00 C.00 3 00 0 00 C 00 0 00

WHEN RECORDED MAIL TO

Aztec Foreclosure Corporation
3300 N. Central Ave. Suite, 2200
Phoenix  AZ 85012

---

Space above this line for recorder's use only

Trustee Sale No. 08-505508 BFB; Title Order No. 080046040-CA-DCI; APN 833-441-23

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/28/06.
UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY
BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF
THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

---

On 04/01/09 at 12:00 p.m., Aztec Foreclosure Corporation as the duly appointed
Trustee under and pursuant to Deed of Trust **Recorded on 01/10/07 in Instrument No.
2007000018413 of official records in the Office of the Recorder of ORANGE
County, California**, executed by:  Holbei Pedraza Tinoco and Luis Cruz, Wife and
Husband, as Trustor, Mortgage Electronic Registration Systems, Inc. as nominee for
HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity
Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan
Trust, Series 2007-HE4, Asset Backed Pass-Through Certificates, as Beneficiary, WILL
SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time
of sale in lawful money of the United States, by cash, a cashier's check drawn by a state
or national bank, a check drawn by a state or federal credit union, or a check drawn by
a state or federal savings and loan association, savings association, or savings bank
specified in section 5102 of the Financial Code and authorized to do business in this
state), at the north front entrance to the County Courthouse, 700 Civic Center Drive
West, Santa Ana, CA, all right, title and interest conveyed to and now held by it under
said Deed of Trust in the property situated in said County, California described as:
**6 CAYMAS COURT, RANCHO SANTA MARGARITA, CA 92688**

The property heretofore described is being sold "as is".

The undersigned Trustee disclaims any liability for any incorrectness of the street
address and other common designation, if any, shown herein.  Said sale will be made,
but without covenant or warranty, expressed or implied, regarding title, possession, or
encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed
of Trust, with interest thereon, as provided in said note(s), advances, if any, under the

EXHIBIT A
PAGE 24 OF 44

T.S. #:       08-505508
ORDER #:   080046040-CA-DCI

terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of
the trusts created by said Deed of Trust, to-wit. **$481,175.67**   (Estimated)

Accrued interest and additional advances, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the
undersigned a written Declaration of Default and Demand for Sale, and a written Notice
of Default and Election to Sell.   The undersigned caused said Notice of Default and
Election to Sell to be recorded in the county where the real property is located and more
than three months have elapsed since such recordation.

Requirements of SB1137 have been met pursuant to the Notice of Sale Declaration of
record.

DATE: March 4, 2009

Robbie Weaver
Assistant Secretary & Assistant Vice President
Aztec Foreclosure Corporation

c/o 3350 Country Club Dr., Suite 202
Cameron Park, CA 95682
Phone: (800) 731-0850 or (602) 222-5711
Fax: (847)627-8803

For Trustee's Sale Information
Call 714-730-2727
www.fidelityasap.com

EXHIBIT A
PAGE 25 OF 44

Exhibit "C"



7008 3530 0002 2665 9731

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OCWEN LOAN SERVICING, LLC
12650 INGENUITY DR.
ORLANDO, FL 32826
ATTN: CUSTOMER CARE

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
MAR 2 11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7008 3230 0002 2665 9731

PS Form 3811, February 2004

EXHIBIT A
PAGE 27 OF 44

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

HILARI PEDRAZA TINOCO
C/O NYX, INC.
6216 BROCKTON AVE., SUITE 211
RIVERSIDE, CA 92506

February 23, 2007

Ocwen Loan Servicing, LLC
12650 Ingenuity Dr
Orlando, FL 32826

Attn: Customer Care

Re      Constant Harassment and Unwanted Phone Calls
        Account Number(s)       :       80502248 & 80640110

Dear Sir/Madam,

I have written a letter to the original "lender" of account created by me on December 28, 2006. They must reply before you foreclose on a property you have no right to nor provided any financial risk for.

As a mortgagor and creator of account, I requested an accountability of funds and requested DB HOME LENDING, LLC to provide all sub-ledger referencing the account numbers 260157 and 260158. At which point records will show that mortgage "loan" was paid in full and has generated excess funds.

I executed a note with DB HOME LENDING, LLC. I also created an account to which you are the servicing agent, a third party debt collector who has taken no financial risk in the issuance of the original contract nor the funds related to or created by the original agreement. I have not received a refund of funds as stipulated by such mortgage from the "lender" to the "borrower". Mismanagement of funds is being investigated and I will not know until I have been provided with full record of account, to include all ledgers and sub-ledgers, for my accountant to review, what has happened to the excess funds and/or how these funds have been managed.

As a mortgage servicing company you are responsible for complying with the minimum servicing standards in the USAP. Part of that is to disburse excess funds after payoff of the loan. The loan itself was PAID IN FULL. Therefore, I request that you discontinue any phone calls attempting to collect on a debt you have not suffered financial loss to. As you, a third party debt collector has no legal right to take, or threaten to take, possession of a property in which they have no legal claim to.

I wait for the "lender" to reply to my request to determine what funds need to be refunded back to me.

You are aware that sending unsubstantiated demands for payment through the United States Mail System after the bank has been notified of the erroneous debt, and has acknowledged that the debt is erroneous, falls within the definition of Mail Fraud under Federal statues. You may wish to consult with a competent legal advisor before continuing communication with me. I am not the Debtor of this transaction.

Respectfully,

By: _____          _____
    HOLBEI PEDRAZA TINOCO                    LUIS CRUZ

February 23, 2009

*Via U.S. Certified Mail*

Ocwen Loan Servicing, LLC
12650 Ingenuity Dr
Orlando, FL 32826

Attn: Customer Care

Re:    Request for Accountability and Verification of Appropriation of Funds
       Account Number(s)    :       80502248 & 80640410

Dear Sir/Madam:

The Mortgagor of account numbers 260157 and 260158, can no longer be responsible for any future "Periodic Payments" to the "lender" nor financial contributions to the trust dated December 28, 2006, nor any future repayment of the "loan" issued by DB HOME LENDING, LLC. It has come to my attention that according to the Securities and Exchange Commission registration of DB HOME LENDING, LLC'beneficiary, that the note we tendered to you has been sold numerous times for the aggregate amount. Therefore, DB HOME LENDING, LLC. owes the surplus of funds that the trust created as stipulated by the Mortgage. It has also come to my attention that DB HOME LENDING, LLC borrowed funds from my Trust account.

Therefore, based on the fact that the mortgagor(s) have been making "Periodic Payments" beyond the date which the note was paid in full. I am certain that there is a surplus account from the sale of the note and from multiple payments made from the mortgagor(s).

Therefore, please provide the following documentation:

- Creators of this account have never had an annual accounting of funds showing all debits and credits, therefore, I am requesting a complete and accurate accounting of the disbursement of all funds.

- A Certified copy of the original "Note" signed or endorsed on December 28, 2006, by the mortgagor "borrower" to include all additional updated endorsements thereafter.

EXHIBIT A
PAGE 30 OF 44

- Statements from the creation of the trust to the last business day of each month, showing the assets and liabilities of this account.

- The balance sheet providing profit and loss account certified to be true and correct, stating that in your opinion this sheet is complete, fair, and properly drawn according to federal, state, and local statues, rules and regulations.

- The aggregate amount of unclaimed surplus funds held by the lender for the Mortgagor "borrower".

- Any and all Tax Forms needed to be signed by me.

Please respond within 10 days of receipt of this letter. Twenty (20) days should be adequate enough time to provide me with the requested, certified documents. Please notice me if more time is needed.

If I do not receive answers or the documents I have requested, I will execute any legal remedy at my disposal in being made whole.

**Here are a summary of concerns and complaints that I have:**

**"Lender"** In accordance to Banking rules and regulations **no** bank shall loan any of it's own stock or discount any of it's own capital. Therefore, when I executed the promissory note, I created an account. DB HOME LENDING, LLC made an extension of credit, and upon sale of the note for the aggregate amount. Enclosed please find a letter to the "lender" and the documents that I am requesting.

Because the promissory note was used as an investment vehicle and therefore liquidated (this process in the industry is called "Securitization), the obligation was satisfied, the extension of credit was repaid and according to Uniform Single Attestation Program and the Federal National Mortgage Association Standard (12 U.S.C. 1717), I am entitled to excess funds that the promissory note has created. Servicer for DB HOME LENDING, LLC is **not** the holder of the promissory note and has had not financial risk. They are a servicing company, which has an obligation to its consumers. They are not the Originator, Depositor, Trustee, or Trust (please review the Prospectus filed pursuant to rule 424B5 with the Securities Exchange Commission (SEC) under those definitions and their roles in this transaction.)

Pursuant to the Prospectus filed to rule 424B5 with the Securities Exchange Commission, the promissory note I executed at closing was the asset that underlies the issuance of the liability that is my 'loan' that upon my full payment, the lender must promptly refund any funds that are being held by the lender. I am now demanding that DB HOME LENDING, LLC (lender) or any other affiliates, principals or agents locate the Financial Depository Institution that is holding my principal in trust, in the custodial account, and surrender them to my immediately, as well as send me the appropriate Tax Forms. These will show who the Payor, Payee, and Recipient of my funds are.

EXHIBIT A
PAGE 31 OF 44

**Servicing Issues** DB HOME LENDING, LLC is obligated to be compliant with the Specified Minimum Servicing Standards Set by the Mortgage Bankers Association of America (MBAA) as well as with the Uniform Single Attestation for Mortgage Bankers (USAP). Annual reports filed with the SEC state that Mortgage payments shall be allocated in accordance with the mortgagor's loan documents and deposited into an escrow account. It also reads that Escrow funds held in trust for a mortgagor shall be returned to the mortgagor within thirty (30) calendar days of the payoff of the mortgage loan. I must mention the deed of trust which reads:

*"Upon payment in full of all sums secured by this secured instrument, the lender shall promptly refund to borrower any funds held by the lender."*

1. **My Rights Under the Law:** Servicer for DB HOME LENDING, LLC is acting as a servicer for my loan and is attempting to act also as a third party debt collector and because of this is also obligated to follow the Fair Debt Collection Practice Act (FDCPA) of 1977 which protect me from unfair and abusive collection practices. This Act prohibits debt collector Servicer for DB HOME LENDING, LLC from unfair and unconscionable means of collecting a debt and making threats to take any non-judicial action to obtain a property when the debt collector has no right to possession. FCPA also forbids third party communication to any person other than the alleged debtor. That includes consumer reporting agencies. FDCPA also states that if a consumer notifies the debt collector in writing that the debt is being disputed, the debt collector shall respond and cease collections.

In reading the Real Estate Settlement and Procedure Act (RESPA), I am told that a mortgage loan is an asset. When I read RESPA Regulation X it defines a *"promissory note"* as escrow funds, and an *"Escrow account"* is any account that a servicer establishes or controls on behalf of a borrower to pay taxes, insurance premiums, principal and interest, and other charges with respect to a mortgage loan.

2. **The Laws that Govern our Contract:** As you may or may not know, the American Law Institute and the National Conference of Commissioners regulate the laws pertaining to contracts and securities known as Uniform Commercial Code. These laws also include the acceptance of a contract. The parties accepting the terms of the contract must have the mutual understanding of an offer. The acceptance is not an acceptance because the offeror has exercised his power to make acceptance expressly limited to the terms of the offer. Since DB HOME LENDING, LLC registers its notes for public offering local or overseas, to my understanding, you must also abide by laws, rules, and regulations set forth by UNIDROIT (www.unidroit.org http: www.unidroit.org english principles civilprocedure ali-unidroitprinciples-e.pdf). UNIDROIT articles stipulate that a contract is an agreement when mutual consideration has been reached and is valid when two or more parties with capacity sign. The contract signed on December 28, 2006, was not signed with a Servicer of DB HOME LENDING, LLC nor do they have consideration in this matter.

EXHIBIT A
PAGE 32 OF 44

Please help and correct me if I am mistaken. What was the consideration that was offered to bind the contract between HOLBEI PEDRAZA TINOCO and LUIS CRUZ, and DB HOME LENDING, LLC?

I request a response to these very stirring questions. I feel that my questions deserve an answer, and that I have asked them as best as a layperson can articulate. I feel as though these corporations have caused injury to me (the Public) through deceptive and misleading practices. A corporation cannot cause injury to the Public. I trust that the law is my remedy. I also trust that the public oath of office that you have sworn to, as well as all related duties, shall be diligently and honestly administered by you. That you shall not knowingly violate, or willingly be permitted to violate any applicable statute or regulation. I am also relying on your adherence to the code of ethics that banks trading selling securities must follow, which states that it is unlawful to make any untrue statements of material fact, and that all loans shall be dealt with honesty and with the utmost integrity.

In conclusion, I am faithful that predatory lending is something State and Government entities take seriously. I am aware that there is much help being offered to homeowners when in need.

Respectfully,

By: _____          _____
HOLBEI PEDRAZA TINOCO                  LUIS CRUZ
Mortgagor                              Mortgagor

Copies furnished to:

- DB Home Lending, LLC – 26521 Rancho Pkwy. South, Suite 210, Lake Forest, CA 92630

- Federal Trade Commission – 200 Pennsylvania Ave. NW, Washington, DC 20580

- Christopher Cox, Securities and Exchange Commission, Compliance Inspections and Examinations – 100 "F" St. NE, Washington, DC 20549

- John C. Dugan, Office of the Comptroller of the Currency – Washington, DC 20219-0001

- Office of Fair Housing and Equal Opportunity, Dept. of Housing and Urban Development – 451 7th St. SW, Rm. 5204, Washington, DC 20410

- Secretary, Board of Governors of the Federal Reserve System – Washington, DC 20551

- Henry M. Paulson, Jr., U.S. Trustee c/o Dept. of the Treasury – 1500 Pennsylvania Ave NW, Washington, DC 20220

- Jonathan L. Kempner, Mortgage Bankers Association – 1919 Pennsylvania Ave. NW, Washington, DC 20006

State of California          )
                            )
County of Riverside         )

Subscribed and sworn to (or affirmed) before me _____,
a Notary Public, on this ____ day of February, 2009, _____
personally known to me or proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

Signature _____ Seal

My commission expires: _____

Exhibit "D"

EXHIBIT A
PAGE 36 OF 44

# *Property Profile*

### Description of the Subject Property

## Ownership Information

Primary Owner : HOLBEI P TINOCO
Secondary Owner : LUIS CRUZ
Ownership Description : Contract Purchase
Site Address : 6 CAYMAS CT RANCHO SANTA MARGARITA 92688-1823
Mailing Address : 6 CAYMAS CT RANCHO SANTA MARGARITA, CA 92688-1823

Telephone :

Assessors Parcel No. : 833-441-23
Census Tract : 0320-264
Map Page Grid : 59 C1          New Page Grid 893 B2
Legal Description : N TR 13078 LOT 42
Housing Tract : 13078

## Property Details

Use Code : SINGLE FAMILY RESIDENCE

| | | |
|---|---|---|
| Zoning : N/A | Bedrooms : | 3 |
| Number of Units : 1 | Bathrooms : | 2.5 |
| Year Built : 1989 | Parking : | Unknown |
| Lot Size : N/A | View : | N/A |
| Square Feet : 1551 | Pool : | N/A |
| Total Rooms : 7 | FirePlace : | N/A |
| GeoQuality : 0 | Lot : | 42 |

## Tax Information

| | | | |
|---|---|---|---|
| Assessed Total : | $550,500 | Tax Amount : | $8,033.18 |
| Land Total : | $387,002 | Tax Status : | Delinquent |
| Improvement : | $163,499 | Year Delinquent : | 2006 |
| % Improvement : | 30% | Tax Rate Area : | 33067 |
| Exemption : | N/A | | |

## Sale Information

| | | | |
|---|---|---|---|
| Last Sale Date : | January 10 2007 | Lender : | DB HOME LENDING LLC |
| Document No. : | 0000018412 | 1st Loan Amount : | $464,000 |
| Sale Amount : | $580,000 (Part) | First Loan Type : | Conventional |
| Last Trans W/O $ : | September 30 2005 | 2nd Loan Amount : | $116,000 |
| Last Doc W/O $ : | 0000774915 | Cost / Square Feet : | 373 |

Copyright© 1996-2003 DataQuick®. The above information is obtained from public documents and is not guaranteed.

4/16/2009  7:28:27AM          Customer Service Rep : Kelli Leese          TOPS 6  ID: 32,260

EXHIBIT A
PAGE 37 OF 44

# *Sales Comparables*

The following analysis as based on the sales closest to 6 CAYMAS CT . All of the properties are located within Parcel Book 833. The Sales Comparables search was further refined using the following constraints : all of the sales occurred between Oct 18 2008 and Apr 16 2009 , the square footage ranged from 1241 to 1862, there were 2 to 4 bedrooms , there were 2.00 to 4.00 bathrooms . Please contact your Title Representative for more information.

|  | | Low | Average | High |
|---|---|---|---|---|
| Sales Price | $ | 74,297 | $ 393,518 | $ 480,000 |
| Loan Amount | $ | 0 | $ 318,037 | $ 463,878 |
| Square Footage | | 1,272 | 1,477 | 1,660 |
| Number of Bedrooms | | 2 | 3 | 4 |
| Number of Bathrooms | | 2.0 | 2.5 | 3.0 |
| Year Built | | 1986 | 1988 | 1989 |
| Lot Size | | 0 | 0 | 0 |
| Cost / Square Foot | | $58.41 | $266.43 | $289.16 |

## Subject Property

**TINOCO, HOLBEI**
6 CAYMAS CT
RANCHO SANTA MARGARITA - 92688

APN : 833-441-23
Legal : N TR 13078 LOT 42

| | |
|---|---|
| Sales Date : 01/10/2007 | Bed / Bath : 3.00 / 2.50 |
| Amount : $580,000.00 | SqFt : 1,551 |
| Cost / Sq Ft : $373.95 | Units : 1 |
| Lot Size : 0 / 0.00 acres | Year Built : 1989 |
| Use Code : SINGLE FAMILY RESIDENCE | |

**1    ANDERSON, DAVID & SARAH**
18 PIMA CT
RANCHO SANTA MARGARITA - 92688
APN : 833-442-14
Located approximately 0.06 miles from the subject property.

| | | |
|---|---|---|
| Sales Date : 03/13/2009 | Bed / Bath : 3.00 / 2.50 | |
| Amount : $ 425,000.00 | Tract : 13078 | SqFt : 1,551 |
| Cost / Sq Ft : $ 274.00 | Year Built : 1989 | Units : 1 |
| Lot Size : 0 / 0.00 acres | | |
| Use Code : SINGLE FAMILY RESIDENCE | | |

**2    BOND, TAMMY**
28 MOHAVE WAY
RANCHO SANTA MARGARITA - 92688
APN : 833-444-16
Located approximately 0.12 miles from the subject property.

| | | |
|---|---|---|
| Sales Date : 11/26/2008 | Bed / Bath : 3.00 / 3.00 | |
| Amount : $ 460,000.00 | Tract : 13078 | SqFt : 1,299 |
| Cost / Sq Ft : $ 354.00 | Year Built : 1989 | Units : 1 |
| Lot Size : 0 / 0.00 acres | | |
| Use Code : SINGLE FAMILY RESIDENCE | | |

**3    CLINKENBEARD, RYAN**
3 CALLE ESTRIBO
RANCHO SANTA MARGARITA - 92688
APN : 833-173-07
Located approximately 0.22 miles from the subject property.

| | | |
|---|---|---|
| Sales Date : 03/24/2009 | Bed / Bath : 3.00 / 2.50 | |
| Amount : $ 415,000.00 | Tract : 12430 | SqFt : 1,602 |
| Cost / Sq Ft : $ 259.00 | Year Built : 1986 | Units : 1 |
| Lot Size : 0 / 0.00 acres | | |
| Use Code : SINGLE FAMILY RESIDENCE | | |

**4    KATZ, MARC & MARCIA**
4 CALLE ALIMAR
RANCHO SANTA MARGARITA - 92688
APN : 833-432-07
Located approximately 0.23 miles from the subject property.

| | | |
|---|---|---|
| Sales Date : 11/17/2008 | Bed / Bath : 2.00 / 2.00 | |
| Amount : $ 420,000.00 | Tract : 13046 | SqFt : 1,272 |
| Cost / Sq Ft : $ 330.00 | Year Built : 1989 | Units : 1 |
| Lot Size : 0 / 0.00 acres | | |
| Use Code : SINGLE FAMILY RESIDENCE | | |

Copyright© 1996-2003 DataQuick®. This information is secured from public documents and is not guaranteed.
4/16/2009  7:28:29AM          Customer Service Rep: Kelli Leese                    TOPS 6  ID : 32,260

EXHIBIT A
PAGE 38 OF 44

**5** MAZZONE, GARY & CHRIS
9 LOS ABITOS
RANCHO SANTA MARGARITA - 92688
APN : 833-481-62
Located approximately 0.29 miles from the subject property.

| | |
|---|---|
| Sales Date : 11/17/2008 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 410,000.00 | Tract : 13181    SqFt : 1,428 |
| Cost / Sq Ft : $ 287.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**6** MCLENNAN, JASON & DANIELLE
6 LOS ABITOS
RANCHO SANTA MARGARITA - 92688
APN : 833-481-78
Located approximately 0.29 miles from the subject property.

| | |
|---|---|
| Sales Date : 12/01/2008 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 449,000.00 | Tract : 13181    SqFt : 1,428 |
| Cost / Sq Ft : $ 314.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**7** BECKER, BROCK & MEGHAN
16 VIA LATIGO
RANCHO SANTA MARGARITA - 92688
APN : 833-173-21
Located approximately 0.31 miles from the subject property.

| | |
|---|---|
| Sales Date : 03/12/2009 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 420,000.00 | Tract : 12430    SqFt : 1,602 |
| Cost / Sq Ft : $ 262.00 | Year Built : 1986    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**8** CLEMONS, LIAM & MELISSA
26 CRUCILLO
RANCHO SANTA MARGARITA - 92688
APN : 833-301-36
Located approximately 0.32 miles from the subject property.

| | |
|---|---|
| Sales Date : 02/13/2009 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 395,000.00 | Tract : 12653    SqFt : 1,428 |
| Cost / Sq Ft : $ 277.00 | Year Built : 1987    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**9** BANK OF AMERICA
4 CRUCILLO
RANCHO SANTA MARGARITA - 92688
APN : 833-304-30
Located approximately 0.34 miles from the subject property.

| | |
|---|---|
| Sales Date : 11/06/2008 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 88,058.00 | Tract : 12653    SqFt : 1,428 |
| Cost / Sq Ft : $ 62.00 | Year Built : 1987    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**10** WILLIAMS, CHRIS & PATRICIA
29 EL CANTO
RANCHO SANTA MARGARITA - 92688
APN : 833-481-18
Located approximately 0.34 miles from the subject property.

| | |
|---|---|
| Sales Date : 11/12/2008 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 450,000.00 | Tract : 13181    SqFt : 1,428 |
| Cost / Sq Ft : $ 315.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**11** LACANLALE, GERALDINE
6 CALLE BIELDO
RANCHO SANTA MARGARITA - 92688
APN : 833-432-67
Located approximately 0.35 miles from the subject property.

| | |
|---|---|
| Sales Date : 03/18/2009 | Bed / Bath : 4.00 / 2.50 |
| Amount : $ 415,000.00 | Tract : 13046    SqFt : 1,660 |
| Cost / Sq Ft : $ 250.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**12** STIPP, ETHAN
4 CALLE BIELDO
RANCHO SANTA MARGARITA - 92688
APN : 833-432-66
Located approximately 0.35 miles from the subject property.

| | |
|---|---|
| Sales Date : 03/13/2009 | Bed / Bath : 3.00 / 2.50 |
| Amount : $ 440,000.00 | Tract : 13046    SqFt : 1,602 |
| Cost / Sq Ft : $ 275.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

**13** HUTFLESS, PAUL
2 CALLE BIELDO
RANCHO SANTA MARGARITA - 92688
APN : 833-432-65
Located approximately 0.35 miles from the subject property.

| | |
|---|---|
| Sales Date : 03/20/2009 | Bed / Bath : 4.00 / 2.50 |
| Amount : $ 457,000.00 | Tract : 13046    SqFt : 1,660 |
| Cost / Sq Ft : $ 275.00 | Year Built : 1989    Units : 1 |
| Lot Size : 0 / 0.00 acres | |
| Use Code : SINGLE FAMILY RESIDENCE | |

Copyright© 1996-2003 DataQuick®. This information is secured from public documents and is not guaranteed.

4/16/2009  7:28:29AM          Customer Service Rep: Kelli Leese                    TOPS 6  ID  : 32,260

EXHIBIT A

PAGE 39 OF 44

**14   HOMESALES INC**

16 CALLE BIELDO
RANCHO SANTA MARGARITA - 92688
APN : 833-432-72
Located approximately 0.35 miles from the subject property.

| | |
|---|---|
| Sales Date : | 02/11/2009 |
| Amount : | $ 74,297.00 |
| Cost / Sq Ft : | $ 45.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 4.00 / 2.50
Tract : 13046     SqFt : 1,660
Year Built : 1989     Units : 1

**15   GANGE-BROWN, ROBERT & SALLY A**

35 DESERT THORN
RANCHO SANTA MARGARITA - 92688
APN : 833-304-22
Located approximately 0.38 miles from the subject property.

| | |
|---|---|
| Sales Date : | 12/16/2008 |
| Amount : | $ 397,000.00 |
| Cost / Sq Ft : | $ 278.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 3.00 / 2.50
Tract : 12653     SqFt : 1,428
Year Built : 1987     Units : 1

**16   CUNNINGHAM, CHRIS & TONI**

8 PASEO PUEBLO
RANCHO SANTA MARGARITA - 92688
APN : 833-173-32
Located approximately 0.41 miles from the subject property.

| | |
|---|---|
| Sales Date : | 10/31/2008 |
| Amount : | $ 390,000.00 |
| Cost / Sq Ft : | $ 307.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 2.00 / 2.00
Tract : 12430     SqFt : 1,272
Year Built : 1986     Units : 1

**17   NEW CENTURY HM EQTY LN 2**

9 SALVIA
RANCHO SANTA MARGARITA - 92688
APN : 833-564-02
Located approximately 0.45 miles from the subject property.

| | |
|---|---|
| Sales Date : | 11/13/2008 |
| Amount : | $ 400,000.00 |
| Cost / Sq Ft : | $ 308.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 3.00 / 3.00
Tract : 13351     SqFt : 1,299
Year Built : 1989     Units : 1

**18   SCARBO, VANESSA**

11 MEJORANA
RANCHO SANTA MARGARITA - 92688
APN : 833-563-04
Located approximately 0.50 miles from the subject property.

| | |
|---|---|
| Sales Date : | 11/06/2008 |
| Amount : | $ 480,000.00 |
| Cost / Sq Ft : | $ 309.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 3.00 / 2.50
Tract : 13351     SqFt : 1,551
Year Built : 1989     Units : 1

**19   POTOCZNY, JOHN & JONELLE**

6 ALOYSIA
RANCHO SANTA MARGARITA - 92688
APN : 833-281-17
Located approximately 0.50 miles from the subject property.

| | |
|---|---|
| Sales Date : | 02/19/2009 |
| Amount : | $ 465,000.00 |
| Cost / Sq Ft : | $ 281.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 3.00 / 2.50
Tract : 12465     SqFt : 1,652
Year Built : 1987     Units : 1

**20   CAZARES, SERGIO**

36 ENELDO
RANCHO SANTA MARGARITA - 92688
APN : 833-565-10
Located approximately 0.50 miles from the subject property.

| | |
|---|---|
| Sales Date : | 02/05/2009 |
| Amount : | $ 420,000.00 |
| Cost / Sq Ft : | $ 323.00 |
| Lot Size : | 0 / 0.00 acres |
| Use Code : | SINGLE FAMILY RESIDENCE |

Bed / Bath : 3.00 / 3.00
Tract : 13351     SqFt : 1,299
Year Built : 1989     Units : 1

Copyright© 1996-2003 DataQuick®. This information is secured from public documents and is not guaranteed.

4/16/2009  7:28:29AM          Customer Service Rep: Kelli Leese                                    TOPS 6  ID : 32,260

EXHIBIT A

PAGE 40 OF 44

# *Sales Comparables Map*





© 2002 ESRI, GDT.                                                                                1200ft De Caza

**🏠 6 CAYMAS CT**

| | |
|---|---|
| 1) 18 PIMA CT | 11) 6 CALLE BIELDO |
| 2) 28 MOHAVE WAY | 12) 4 CALLE BIELDO |
| 3) 3 CALLE ESTRIBO | 13) 2 CALLE BIELDO |
| 4) 4 CALLE ALIMAR | 14) 16 CALLE BIELDO |
| 5) 9 LOS ABITOS | 15) 35 DESERT THORN |
| 6) 6 LOS ABITOS | 16) 8 PASEO PUEBLO |
| 7) 16 VIA LATIGO | 17) 9 SALVIA |
| 8) 26 CRUCILLO | 18) 11 MEJORANA |
| 9) 4 CRUCILLO | 19) 6 ALOYSIA |
| 10) 29 EL CANTO | 20) 36 ENELDO |

Comparable Properties   Parks   Freeways, Highways
Streets   Schools
Rivers, Lakes   Libraries

# Lawyers Title

Copyright© 1996-2003 DataQuick®. The above information is obtained from public documents and is not guaranteed.

7:28:36AM   4/16/2009          **Customer Service Rep : Kelli Leese**          TOPS 6 ID: 32,260

EXHIBIT A
PAGE 41 OF 44



EXHIBIT A
PAGE 42 OF 44



## VERIFICATION

### STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

We, the undersigned, declare as follows:

That we are the Plaintiff in the above-entitled action; that we have read the foregoing Complaint and know the contents thereof; that the same is true of our own knowledge, except as to the matters which are therein stated on my information or belief, and as to those matters we believe to be true.

We declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 15th day of April, 2009, at Rancho Santa Margarita, California.

_____
LUIS CRUZ
Plaintiff

_____
HOLBEI PEDRAZA TINOCO
Plaintiff

VERIFICATION

EXHIBIT A
PAGE 43 OF 44

COPY

LUIS CRUZ
HOLBEI PEDRAZA TINOCO
6 CAYMAS COURT
RANCHO SANTA MARGARITA. CA  92688
Telephone: (949) 701-7645

In Pro Per

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 2 3 2009

ALAN CARLSON. Clerk of the Court

BY: S. HERRERA-WILSON .DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER 30-2009

| | |
|---|---|
| LUIS CRUZ | CASE NO.: 0 0 1 2 2 0 0 4 |
| Plaintiff, | DECLARATION RE VENUE |
| vs | [CC Section 2984.4] |
| OCWEN LOAN SERVICING, LLC. et al | "UNLIMITED CIVIL." |
| Defendant(s). | JUDGE DAVID T. MCEACHEN DEPT. C21 |

The undersigned certifies that this matter should be tried or heard in the Orange County Court for the following reason:

1.    The action arose in this judicial district.

2.    The action concerns real property located in this judicial district.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 15. 2009. in the City of Rancho Santa Margarita. Orange County. State of California.

LUIS CRUZ
Plaintiff

DECLARATION RE VENUE



**CORPORATION SERVICE COMPANY°**

# Notice of Service of Process

**AL2 / ALL**
**Transmittal Number: 6595463**
**Date Processed: 04/28/2009**

**Primary Contact:** Lucrece Guy
Ocwen Financial Corporation
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409

| | |
|---|---|
| **Entity:** | Ocwen Loan Servicing, LLC |
| | Entity ID Number  2122003 |
| **Entity Served:** | Ocwen Loan Servicing, LLC |
| **Title of Action:** | Luis Cruz vs. Ocwen Loan Servicing, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | Orange County Superior Court, California |
| **Case Number:** | 00122004 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 04/28/2009 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Luis Cruz |
| | 949-701-7645 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT B
PAGE 1 OF 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE



Home
Directory
Locations
Online Services
Self Help
Employment
Media Relations
You are here:   Home ▸   Online Services ▸   Case Access ▸   Civil

# Civil Case Access

Please Note

This Civil Public Access system returns case information for Unlimited, Limited and Complex Civil case categories. At this time documents imaged or electronically filed are not available via this application. Unlimited and Complex Civil (actions filed for more than $25,000) cases filed since 1996 are available. Limited Civil (actions filed for less than $25,000) cases filed at Central Justice Center since 2004 are available. Limited Civil cases filed at North, West and Harbor Justice Centers since 2005 are available. Information can be retrieved by searching via: - The Superior Court of California, County of Orange Case number - A person (or participant) associated with a case - A business associated with a case

Civil Home |  Site Map |  Civil Calendars

Printable Version                                                          Back

| CASE SUMMARY | | | | |
|---|---|---|---|---|
| **Case No.** | **Case Title** | **Case Type** | **Filing Date** | **Category** |
| 30-2009-00122004-CU-OR-CJC | LUIS CRUZ VS. OCWEN LOAN SERVICING, LLC | OTHER REAL PROPERTY | 04/23/2009 | CIVIL - UNLIMITED |

**Participants**
Results 1 - 4 of 4000000000000

| Name | Type | Assoc Start Date | End Date |
|---|---|---|---|
| OCWEN LOAN SERVICING, LLC | DEFENDANT | 04/23/2009 | |
| HOLBEI PEDRAZA TINOCO | PLAINTIFF | 04/23/2009 | |
| LUIS CRUZ | PLAINTIFF | 04/23/2009 | |

EXHIBIT C
PAGE 1 OF 2

Superior Court of California, County of Orange
Case 8:09-cv-00620-CJC-SS   Document 1   Filed 05/28/09   Page 50 of 54   Page ID
#:50

AZTEC FORECLOSURE CORPORATION DEFENDANT                   04/23/2009

**Hearings**
**Event Scheduled Date Start Time Dept Judge**
                No Records Found

**Register of Actions**
Results 1 - 10 of 100000000000

| ROA # | Docket Entry | Filing Date | Filing Party |
|---|---|---|---|
| 10 | DECLARATION - OTHER (RE: VENUE) FILED BY CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 | 04/23/2009 | CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 |
| 9 | CRUZ, LUIS APPLICATION FOR WAIVER GRANTED IN WHOLE. | 04/23/2009 | |
| 8 | TINOCO, HOLBEI PEDRAZA APPLICATION FOR WAIVER GRANTED IN WHOLE. | 04/23/2009 | |
| 7 | TINOCO, HOLBEI PEDRAZA APPLICATION FOR WAIVER GRANTED IN WHOLE. | 04/23/2009 | |
| 6 | APPLICATION FOR WAIVER OF COURT FEES AND COSTS FILED BY TINOCO, HOLBEI PEDRAZA ON 04/23/2009 | 04/23/2009 | TINOCO, HOLBEI PEDRAZA ON 04/23/2009 |
| 5 | APPLICATION FOR WAIVER OF COURT FEES AND COSTS FILED BY CRUZ, LUIS ON 04/23/2009 | 04/23/2009 | CRUZ, LUIS ON 04/23/2009 |
| 4 | CASE ASSIGNED TO JUDICIAL OFFICER MCEACHEN, DAVID. | 04/23/2009 | |
| 3 | CIVIL CASE COVER SHEET FILED BY CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 | 04/23/2009 | CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 |
| 2 | SUMMONS ISSUED AND FILED FILED BY CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 | 04/23/2009 | CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 |
| 1 | COMPLAINT FILED BY CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 | 04/23/2009 | CRUZ, LUIS; TINOCO, HOLBEI PEDRAZA ON 04/23/2009 |

Home Directory Locations Telephone Numbers Online Services Self Help Employment
Media Relations ADA Information Privacy Policy Feedback Webmaster County of Orange Website ✦

EXHIBIT C
PAGE 2 OF 2

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF ORANGE        )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On May 28, 2009 I served the following document(s) described as follows:

**NOTICE OF REMOVAL OF ACTION BASED UPON FEDERAL QUESTION**

On the following interested parties in this action:

Luis Cruz
Holberi Pedraza Tinoco
6 Caymas Court
Rancho Santa Margarita, CA 92688

[X ]   VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5 and/or FRCP 5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on May 28, 2009 at Irvine, California.

_____
Courtney Hershey

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## SACV09- 620 CJC (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LUIS CRUZ and HOLBEI PEDRAZA TINOCO

**DEFENDANTS**
OCWEN LOAN SERVICING, LLC, AZTEC FORECLOSURE CORPORATION, and DOES 1 THROUGH 25, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Pro Per Plaintiffs
6 Caymas Court
Rancho Santa Margarita, CA 92688 Telephone: (949) 701-7645

**Attorneys** (If Known)

Eric D. Houser, (SBN 130079); Joshua H. Abel (SBN 244592)
HOUSER & ALLISON, APC
9970 Research Drive, Irvine, CA 92618 Tel: (949) 679-1111
for Defendant, Ocwen Loan Servicing, LLC

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ unspecified exemplary & punitive

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act (FDCPA) - 15 U.S.C. 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☑ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury- Med Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**   Case Number: _____ **SACV09-00620 CJC (SSx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ocwen Loan Servicing, LLC - Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date May 28, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |